IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| STEPHEN M. SHEWMAKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-05001-CV-RK |
| | ) |
| NANCY A. BERRYHILL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

## Standard of Review

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must

"defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: degenerative disc disease of the lumbar spine with radiculopathy; moderate obesity; history of gunshot wound in the right shoulder; mild osteoarthritis in the right shoulder and right knee; and mild heart blockage. The ALJ also determined that Plaintiff has one non-severe impairment - history of hypertension. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equal the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff can lift and carry twenty pounds occasionally and ten pounds frequently; stand, walk, and sit six hours in an eight-hour workday; occasionally climb ramps and stairs and balance; never crawl, kneel, climb ladders, ramps, or scaffolds; and cannot not work in temperature extremes. The ALJ also determined that Plaintiff is able to perform his past relevant work as a construction contractor, DOT #182.167-010. The ALJ determined that Plaintiff was not disabled, and that considering Plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

Plaintiff brings the following arguments on appeal: (1) whether substantial evidence supports the ALJ's RFC determination; and (2) whether the ALJ appropriately evaluated Plaintiff's credibility and the credibility of a third party.

First, Plaintiff argues the ALJ improperly formulated Plaintiff's RFC. Specifically, Plaintiff argues: (1) the RFC does not accurately reflect all of Plaintiff's work-related limitations because Plaintiff is unable to stand or walk six hours per workday, and (2) the Medical-Vocational Grid Guidelines were not properly applied. First, the Court finds substantial medical evidence exists in the record to support the ALJ's RFC determination overall and as to Plaintiff's ability to stand or walk six hours per workday.[1] Next, Plaintiff argues the ALJ erred in

---

[1] The record indicates that Plaintiff had normal cardiovascular exams in January, February, and September 2016. Dr. Danushkodi, the consultative examiner, determined that Plaintiff had normal gait, normal muscle tone and strength, normal range of motion in all extremities; a normal cardiovascular exam; and tandem walking and heel toe walking were normal. Dr. Danushkodi also opined that Plaintiff

2

formulating the RFC because the ALJ did not apply the Medical-Vocational Grid Guidelines when making the disability determination. However, the ALJ was not required to apply these guidelines because the ALJ determined that Plaintiff is able to perform past relevant work. *Crawford v. Colvin*, 809 F.3d 404, 409 (8th Cir. 2015) (the Medical-Vocational Guidelines are used only "where an individual with a severe medically determinable physical or mental impairments(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work") (quoting 20 C.F.R. 404, Subpt. P, App. 2). Here, because the ALJ determined that Plaintiff is able to perform his past relevant work as a construction contractor, Plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv) ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we [the Social Security Administration] will find that you are not disabled.").

Last, Plaintiff argues the ALJ improperly evaluated Plaintiff's credibility. A "court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence." *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007). When evaluating Plaintiff's subjective complaints, the ALJ "must give full consideration to all of the evidence presented relating to subjective complaints . . . [including]: (1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Substantial evidence exists in the record to support the ALJ's credibility determination.[2] *See Andrews v. Colvin*, 791 F.3d 923, 929 (8th Cir. 2015) (a plaintiff's "subjective allegations of pain may be discounted by the ALJ if the evidence as a whole is inconsistent with the claimant's testimony") (citation omitted). In

---

can lift twenty to twenty five pounds. Dr. Danushkodi did not place any limitations on sitting, walking, or standing. A lumbar spine MRI performed in January 2016 indicated that Plaintiff had normal range of motion and no neurological defects. A neurologist also determined that Plaintiff had normal strength in all extremities and sensory function was intact. Plaintiff also reported a 50% improvement in the right leg pain from epidural steroid injections. In April 2016, Plaintiff reported an 80% overall improvement after a three-month period of medications and injections.

[2] The ALJ's opinion cites Plaintiff's failure to perform physical therapy as directed by his doctors as a reason to discount Plaintiff's credibility. Plaintiff's briefing indicates that Plaintiff did not seek physical therapy for fear it would cause more pain. The Court finds, even without considering Plaintiff's decision not to follow medical advice to perform physical therapy, substantial evidence exists in the record to support the ALJ's credibility determination.

support of discounting Plaintiff's credibility, the ALJ noted that Plaintiff's treatment was conservative in nature, and the conservative treatment improved Plaintiff's symptoms.[3]  *See Moore v. Astrue*, 572 F.3d 524, 525 (8th Cir. 2009) (an ALJ may consider a plaintiff's limited and conservative treatment in the credibility analysis).  Second, the ALJ discounted Plaintiff's credibility because Plaintiff's subjective complaints were inconsistent with the overall medical record.[4]  *See Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017) (inconsistencies between a plaintiff's statements and other evidence may contradict the plaintiff's subjective complaints); *Polaski*, 739 F.3d at 1322 (an ALJ may consider the absence of objective medical evidence supporting the plaintiff's subjective complaints in the credibility analysis).  Accordingly, there is substantial evidence in the record to support the ALJ's credibility determination.  Plaintiff also argues the ALJ failed to properly consider the testimony of Plaintiff's wife at the hearing. However, substantial evidence exists to support the ALJ's decision to discount her testimony for the same reasons Plaintiff's testimony was discredited.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.  Accordingly, the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  February 15, 2019

---

[3] Dr. Napier, who examined Plaintiff in 2014, recommended conservative treatment including physical therapy and an evaluation for epidural spine injections.  The conservative treatment Plaintiff received improved his symptoms.  For instance, in February 2016, Plaintiff reported a 50% improvement in his right leg pain following an epidural steroid injection.  Additionally, in December 2016, Plaintiff reported his pain as minimal much of the time.

[4] Plaintiff testified that he was unable to work due to a herniated disk and right shoulder pain. Plaintiff also testified that the side effects of his medication caused an inability to concentrate, short-term memory problems, and tremors in his hands.  However, the medical record shows that Plaintiff's cardiovascular exams were normal.  The medical record also shows that, despite Plaintiff's complaints of hip, knee, and shoulder pain, he had a normal gait, normal muscle tone and strength, and normal range of motion in all extremities.  Despite Plaintiff's statement that he was unable to stand or walk for more than thirty minutes, Dr. Danushkodi did not recommend any limitations on sitting, standing, or walking.  Next, although Plaintiff complained of shoulder pain, Dr. Danushkodi opined that Plaintiff could lift twenty to twenty-five pounds at a time.